(3 P.3d 104)

No. 82,388

STATE OF KANSAS, *Appellee*, v. MICHAEL W. BRADFORD, *Appellant.*

Opinion filed June 9, 2000.

*Jennifer C. Roth*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Charles R. Reimer*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before LEWIS, P.J., MARQUARDT, J., and JOHN P. BENNETT, District Judge, assigned.

LEWIS, J.: Defendant Michael W. Bradford was convicted of reckless aggravated battery. He was sentenced to 24 months' probation with an underlying prison term of 8 months. This is a direct appeal from the conviction.

Defendant's problems arose out of a July 3, 1998, confrontation at his brother's home. On that date, defendant had gone to that residence to celebrate the 4th of July holiday. In the process of celebration, the defendant, his brother, and Jessie Bradford, his brother's wife, were all at the home and had all consumed varying amounts of beer, gin, and whiskey.

According to Jessie, defendant became intoxicated and was using language she did not approve of. Defendant described Jessie as a big woman who was 70 years of age at the time of the incident in question. When defendant would not refrain from using objectionable language in her home, Jessie ordered him to leave.

Defendant's car was parked along the front curb. Defendant and Jessie exchanged angry words, and defendant admits he twice called Jessie a bitch. He admits that he knew Jessie would be very angry if he called her a bitch, but he did so anyway.

Apparently, defendant got into his car and was preparing to leave. Jessie was outside and had a hammer and some small garden tools in her hand. As defendant sat in his car, he called Jessie a bitch once too often. Jessie started toward the car with the hammer in her hand and opened up the passenger side door, either to talk to defendant or to get in. Defendant, in what he describes as an attempt to leave, first backed up and then drove forward. In the process, he knocked Jessie down and hit her with his automobile. Jessie was rendered unconscious and sustained visible wounds to her shoulder, back, and leg. Defendant, after realizing what happened, thought he had "killed her" and was quite anxious about her condition. Someone called 911, the police and an ambulance arrived, Jessie was taken to the hospital, and defendant was arrested.

Defendant was charged with having unlawfully and recklessly caused "*great* bodily harm or disfigurement to another person, to wit: Jessie Bradford." This was a charge of reckless aggravated battery, which was a severity level 5 person felony under K.S.A. 21-3414(a)(2)(A).

The trial court also instructed the jury on the lesser included offense of reckless aggravated battery causing bodily harm. Reckless aggravated battery is a level 8 person felony and is defined by

K.S.A. 21-3414(a)(2)(B) as "recklessly causing bodily harm to another person with a deadly weapon, *or* in any manner whereby great bodily harm, disfigurement or death can be inflicted." (Emphasis added.)

Defendant was convicted of the lesser included offense of reckless aggravated battery.

Defendant first argues that the trial court erred in failing to give his requested instruction on simple battery, which is a class D misdemeanor and which is defined by K.S.A. 1998 Supp. 21-3412(a) as:

"(1) Intentionally or recklessly causing bodily harm to another person; *or*

"(2) intentionally causing physical contact with another person when done in a rude, insulting, or angry manner." (Emphasis added.)

"A trial court has the affirmative duty to instruct the jury on all lesser included offenses established by the evidence. Instruction on lesser included offenses must be given even though the evidence is weak and inconclusive and consists solely of the testimony of the defendant. An instruction on a lesser included offense is not required, however, if the evidence at trial excludes a theory of guilt on the lesser offense. The duty of the trial court to instruct on the lesser included offense is applicable only when the evidence introduced at the trial is such that the defendant *might reasonably have been convicted of the lesser offense.*" (Emphasis added.) *State v. Deggs*, 251 Kan. 342, Syl. ¶ 1, 834 P.2d 376 (1992).

Either the defendant or the State can present evidence to support a lesser included offense instruction. *State v. Coleman*, 253 Kan. 335, 354, 856 P.2d 121 (1993).

We begin with the proposition that misdemeanor reckless battery or simple battery has been declared to be a lesser included offense of felony reckless aggravated battery by this court. *State v. Guebara*, 24 Kan. App. 2d 260, 262-64, 944 P.2d 164 (1997). As a result, the trial court had a duty to instruct the jury on misdemeanor battery or simple battery if the evidence was such that the defendant might have reasonably been convicted of that offense.

Defendant bases his argument on the possibility that the jury might not have concluded that his car was a deadly weapon but have found that he had used it recklessly and had caused bodily harm to Jessie. Under those circumstances, it would have little option but to convict him. He cites our decision in *Guebara*, 24 Kan. App. 2d 260, as supporting his argument.

The trial court properly instructed the jury as follows:

"A deadly weapon is an instrument which, from the manner in which it is used, is calculated or likely to produce death or serious bodily injury.

"An ordinary object used in a deadly manner can be a deadly weapon."

The law in this state is clear that whether an item is used as a deadly weapon is normally a question of fact for the jury. *State v. Colbert*, 244 Kan. 422, 428, 769 P.2d 1168 (1989).

In this case, defendant's automobile, if used by him in a deadly manner, could very well have been a deadly weapon. On the other hand, the automobile is an ordinary object and would not normally be thought of as a deadly weapon.

In *Guebara*, the defendant was charged with the same crime defendant was convicted of in the instant matter. In *Guebara*, as here, the defendant hit the victim with his automobile. In *Guebara*, the defendant requested an instruction on misdemeanor battery. The trial court denied that request. We reversed, stating:

"The jury could have found, under the facts of this case, that the minivan was not used as a deadly weapon. Nevertheless, it still could have found that Guebara recklessly or intentionally caused bodily harm to Whitt [the flag person], thus supplying the necessary elements of battery. The State argues that Guebara's only defense at trial was that nothing had happened. While this may be true, the evidence presented by the State would be sufficient to convict Guebara of simple battery if the jury found that the minivan was not used as a deadly weapon in this situation." 24 Kan. App. 2d at 263.

In this case, while defendant's automobile did hit Jessie, he insists he did not intend to do so, but was merely trying to get away. Defendant stated that he believed Jessie would let go of the car door and would not be harmed by his driving away. He testified that he did not see Jessie and did not know that he had hit her with his car until he viewed her lying unconscious on the street. Under these facts, we cannot say that the jury might not have concluded that defendant did not use his vehicle as a deadly weapon but that he did act recklessly, which caused bodily harm to Jessie. Such a conclusion would result in defendant being convicted of simple battery had an instruction been given on that offense. Accordingly, we hold that the trial court erred in refusing to give defendant's requested instruction on simple battery, and we re-

verse his conviction for aggravated reckless battery and remand the matter for a new trial.

Defendant also argues that the trial court erred in refusing to give a requested self-defense instruction. Since we have reversed and remanded defendant's conviction, this case will be tried again. For that reason, we will deal with the issue of self-defense.

Defendant testified that he never tried to hit or hurt Jessie and that all he wanted to do was leave and get out of the way. When asked if he was afraid of Jessie, he said, "More of the hammer, because she could hit and I'd get over it but a hammer—"

Defendant was charged with and convicted of reckless conduct which caused bodily harm to Jessie. The question is whether one can defend against reckless conduct by claiming self-defense. We conclude that such a defense is not available in a case where the charge is one of reckless conduct.

In this state, one may use force against an aggressor when he or she reasonably believes it is necessary to defend against the imminent use of force by the aggressor. Self-defense is the intentional use of reasonable force to fend off an attacker. The concept of recklessness does not fit within the definition of self-defense.

In *State v. Warren*, 5 Kan. App. 2d 754, 758, 624 P.2d 476, *rev. denied* 229 Kan. 671 (1981), this court discussed reckless conduct and self-defense when we said:

"One fending off an attack does not have a 'reckless disregard' or a 'indifference and unconcern' over consequences to the attacker—the victim *intends* to inflict injury on the attacker, and is legally justified in harboring that intent. Where self-defense is found to exist, the only element which would render the victim's conduct criminal is the use of excessive force, not the victim's state of mind."

Our research reveals no Kansas cases directly on point. However, other jurisdictions have excluded unintended or reckless conduct from the scope of self- defense. See, *e.g.*, *State v. East*, 976 S.W.2d 507, 509 (Mo. App. 1998); *State v. Blanks*, 313 N.J. Super. 55, 64-70, 712 A.2d 698 (1998) (collecting cases).

In a case very similar to the instant matter, Wyoming held that self-defense is not available as a defense against a charge of reckless conduct. *Duran v. State*, 990 P.2d 1005, 1008-09 (Wyo. 1999). Duran was charged with reckless aggravated vehicular homicide.

She argued on appeal that the trial court erred in refusing to give a self-defense instruction. In its opinion, the court said:

"While Duran claims that the more persuasive approach finds self-defense is relevant to the 'reckless' element of the offense, this Court is inclined to follow '[t]he majority of jurisdictions hold[ing] that self-defense requires intentional conduct.' See *State v. Blanks*, 313 N.J. Super. 55, 712 A.2d 698, 703 (1998) and cases cited therein. A charge of recklessness involves an unintentional act. *State v. Miller*, 981 S.W.2d 623, 632 (Mo. App. 1998). The trial court gave proper instructions to the jury on the elements of the offense and the definitions of 'recklessness' and 'proximate cause.' The jury had the applicable law before it. The trial court did not err in refusing to submit an instruction on self-defense to the jury." 990 P.2d at 1009.

We agree with the Wyoming court and adopt the position taken by the majority of courts in this country. We hold that the defense of self-defense is not available against a charge of reckless conduct.

We note, however, that on remand the charge of simple battery covers either intentional or reckless conduct. Whether a self-defense instruction will be required on remand will depend on how the charge of battery is prosecuted and how the jury is instructed. We are unable to pass on that issue at the present time.

Finally, defendant argues that the admission of his refusal to take field sobriety tests caused prejudicial error. The admission of evidence is a matter for the trial court's discretion, and we review only for abuse of that discretion. *State v. Mims*, 264 Kan. 506, 510, 956 P.2d 1337 (1998). We see no prejudice to defendant over the admission of this evidence and hold the trial court did not abuse its discretion in admitting evidence of his refusal to take a field sobriety test. At the very most, the admission of this evidence indicates that he may have been intoxicated, but it does not affect the question of his guilt or innocence.

Defendant's final argument deals with the sufficiency of the evidence to support his conviction. This issue is rendered moot by our reversal of his conviction.

Reversed and remanded.