NOT DESIGNATED FOR PUBLICATION

No. 115,141

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SHAWN A. CHAMBERS,
*Appellee*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Anderson District Court; ERIC W. GODDERZ, judge. Opinion filed March 17, 2017.
Affirmed.

*Ted E. Smith*, deputy general counsel, Kansas Department of Revenue, for appellant.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellee.

Before PIERRON, P.J., HILL, J., and WALKER, S.J.

*Per Curiam*: The Kansas Department of Revenue (KDOR) suspended Shawn Chambers' license after he refused to submit to an evidentiary breath test pursuant to K.S.A. 2013 Supp. 8-1001. Chambers eventually petitioned for judicial review. After a trial de novo, the district court reinstated Chambers' license, finding the officer did not have reasonable suspicion to request a preliminary breath test (PBT). KDOR appeals, arguing the officer had reasonable grounds to request an evidentiary breath test. We affirm.

1

On July 20, 2014, an identified party in Garnett reported a domestic dispute and advised that the suspect had left the residence and might be intoxicated. Officer Steven Duckworth saw a truck matching the caller's description driving north on 59 Highway. Duckworth followed the truck for a short distance, somewhere between 100 and 300 feet. He noticed the truck's tag light was out, but he did not see any cues of impairment. Based on the truck's defective tag light, Duckworth decided to pull the truck over. Shawn Chambers, who was driving the truck, pulled over properly without exhibiting any cues of impairment.

As Duckworth approached Chambers' truck, Chambers already had his license in hand. Duckworth told Chambers the reason for the stop was the defective tag light, but he also discussed the domestic dispute call with Chambers. Duckworth detected a strong odor of alcohol, which smelled like beer to Duckworth. Duckworth asked Chambers if he had been drinking, and Chambers said he "had a couple." Duckworth later testified Chambers had bloodshot and watery eyes. He included the information regarding Chambers' eyes in his "Alcohol/Drug Influence Report," but he did not include it in the search warrant application, the Officer's Certification and Notification of Suspension form (DC-27 form), his supplemental report, or the probable cause affidavit.

While speaking to Duckworth, Chambers was not argumentative. His speech was not slurred, and he did not make any unusual statements. He did not have any trouble opening his door when Duckworth asked him to step out of the truck. Once out of the car, Chambers did not have any balance or coordination issues, and he was able to walk without swaying.

Duckworth asked Chambers to participate in a standard field sobriety test (SFST), but Chambers declined. Duckworth then told Chambers he was requesting a preliminary breath test (PBT) because he smelled alcohol on Chambers' breath. He provided Chambers with an oral notice pursuant to K.S.A. 2013 Supp. 8-1012. He told Chambers

2

that refusal to submit to testing was a traffic infraction and Chambers had no right to refuse. Chambers refused to take the PBT, and Duckworth arrested him. Duckworth transported Chambers to Anderson County Jail. Chambers was given an implied consent advisory and again refused an evidentiary breath test. Duckworth applied for a warrant to draw Chambers' blood. Chambers later testified that the blood test results indicated he was below the legal limit.

KDOR suspended Chambers' license for refusing the evidentiary breath test. Chambers requested an administrative hearing regarding his suspension. After the hearing, KDOR issued an administrative order affirming the suspension of Chambers' license.

Chambers petitioned the Anderson County District Court for judicial review, arguing Duckworth did not have probable cause to arrest him or reasonable grounds to request a breath test. The district court held a de novo hearing at which Duckworth and Chambers testified.

At the hearing, Duckworth testified Chambers had previously been his supervisor at the Anderson County Sherriff's Office. According to Duckworth, Chambers had never reprimanded him but had "spoken to" him. Duckworth stated he was not fond of Chambers. He testified Chambers' refusal to take the SFST created more concern regarding Chambers ' ability to drive safely, and Chambers did not provide an explanation for refusing the test. Duckworth told the court that he had limited facts on which to determine if he had reasonable grounds, but he did not specifically state which facts he used to make his reasonable grounds determination. He also stated he "simpl[y] overlook[ed]" including his observations regarding Chambers ' eyes in his reports.

Chambers testified that he used to be a patrol sergeant in Anderson County. He had previously been Duckworth's supervisor, and Duckworth had been very

3

insubordinate. He told the court he never officially reprimanded Duckworth, but he did "coach" him on numerous occasions. Chambers testified he refused to take the tests because he did not trust Duckworth. He claimed Duckworth had not used his camera to record interactions previously, and he knew Duckworth had improperly administered PBTs before. He stated he tried to explain to Duckworth why he was refusing the test, but Duckworth began to yell at him. He also believed Duckworth did not have reasonable suspicion to request the PBT.

In its order, the district court found that Duckworth lacked reasonable suspicion to request the PBT under K.S.A. 2013 Supp. 8-1012 and ordered Chambers' driving privileges be reinstated. Specifically, the court noted:

> "Considering the totality of the situation, the Court finds that the officer did not have a reasonable suspicion to request the PBT. The only factors indicating an issue regarding alcohol was the smell of alcohol and admission by the driver to having consumed a 'couple of beers.' No field sobriety tests, no erratic driving, no other issues were present indicating intoxication. The bloodshot eyes issue is troubling due to the officer's testimony conflicting with his reports. The officer failed on two separate occasions to include this fact on the DC27 or search warrant affidavit which were completed before the officer's report. An officer's sensory perceptions, such as the strength of the alcohol odor or the condition of the driver's eyes, are subject to an imprecise personal opinion and here we have conflicting evidence of one."

The district court did not specifically make a finding regarding reasonable grounds for the evidentiary breath test. KDOR appeals.

KDOR argues the district court erred in finding Duckworth did not have reasonable suspicion to request the PBT and thus did not have reasonable grounds to request an evidentiary breath test.

4

First, KDOR argues the district court erred in not considering Chambers' refusal to take the SFST in making its determination. Second, KDOR argues that because Chambers refused testing, any information Duckworth had should have been given additional weight in the determination of reasonable grounds. Finally, it contends the information available to Duckworth at the time supports a finding of reasonable grounds.

Chambers argues that KDOR raises the issue of his test refusals for the first time on appeal. He also asserts that by statute, the district court may not consider test refusals when determining whether reasonable grounds existed. Finally, he contends that Duckworth did not have reasonable grounds to request an evidentiary breath test.

Following a trial de novo on an administrative license suspension, we generally review a district court's decision to determine whether substantial competent evidence supports the district court's decision. *Swank v. Kansas Department of Revenue*, 294 Kan. 871, 881, 281 P.3d 135 (2012). Substantial evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. Talkington*, 301 Kan. 453, 461, 345 P.3d 258 (2015). Under this standard, we "do not consider other evidence that might support a different result as long as sufficient evidence supports the district court's decision." *Poteet v. Kansas Dept. of Revenue*, 43 Kan. App. 2d 412, 414, 233 P.3d 286 (2010). When reviewing factual findings, we do not reweigh evidence, resolve evidentiary conflicts, or make determinations regarding witness credibility. See *Swank*, 294 Kan. at 881.

In *Swank*, the Supreme Court stated that only when there is no factual dispute does an appellate court exercise de novo review. 294 Kan. at 881. In that case, our Supreme Court remanded a case to the Court of Appeals. Because there was a factual dispute, our Supreme Court instructed that "the Court of Appeals . . . must confine itself to

5

determining whether there is substantial competent evidence to support [the district court's] ruling that reasonable grounds were lacking." 294 Kan. at 882.

However, the *Poteet* court held:

"Whether a law-enforcement officer has reasonable grounds for a particular action involves a mixed question of law and fact. In such cases, an appellate court must defer to the district court's factual findings if substantial evidence supports them, but the appellate court must independently review the ultimate legal conclusion regarding whether the officer had reasonable grounds." 43 Kan. App. 2d 412, Syl. ¶ 1.

The *Poteet* court reasoned that independent review of the district court's ultimate legal conclusion was necessary to maintain consistent legal principles. 43 Kan. App. 2d at 415-16.

Kansas Court of Appeals decisions have applied both the standard of review from *Swank* and the standard of review from *Poteet*. See *Casper v. Kansas Dept. of Revenue*, No. 115,352, 2016 WL 6024622 (Kan. App. 2016) (unpublished opinion) (applying bifurcated standard of review from Poteet); *Perez v. Kansas Dept. of Revenue*, No. 113,587, 2016 WL 1399017 (Kan. App. 2016) (unpublished opinion) (applying substantial competent evidence standard); *Jones v. Kansas Dept. of Revenue*, No. 112,918, 2015 WL 6835305 (Kan. App. 2015) (unpublished opinion) (applying substantial competent evidence standard); *Sjoberg v. Kansas Dept. of Revenue*, No. 103,937, 2012 WL 3966511, at *9 ("But once we have the facts in hand, either undisputed ones or those as found by the district court, we must independently review the ultimate legal question.").

KDOR contends there is no factual dispute in this case, thus, we should exercise unlimited review of the district court's reasonable grounds determination. At trial, however, Chambers challenged KDOR's allegation that he had bloodshot and watery eyes

6

at the time of his arrest. The district court found that the evidence supporting KDOR's allegation was not credible. On appeal, KDOR wishes to rely on its allegation that Chambers had bloodshot and watery eyes in order to determine if Officer Duckworth had reasonable grounds to request an evidentiary breath test. KDOR also argues that certain facts were improperly excluded from the district's courts reasonable grounds determination. Because there is a factual dispute, we do not automatically review the district court's ruling de novo. See *Swank*, 294 Kan. at 881. Thus, we must review this case either for substantial competent evidence or under the bifurcated standard from *Poteet*. Under either standard, however, the district court's ruling is affirmed.

KDOR argues the district court did not properly consider Chambers' test refusals in reaching its reasonable grounds determination. Chambers argues that KDOR did not argue the test refusals before the district court, so we should not consider the issue on appeal. As Chambers points out, however, KDOR stated in its opening:

> "In this case, Your Honor, the Court will not be hearing about field sobriety tests or preliminary breath tests. In this case, Your Honor, the Court will hear evidence that the plaintiff, Mr. Chambers, refused to submit to requested field sobriety tests and refused to submit to a preliminary breath test.
> "Those refusals by themselves may or may not mean anything."

In a later discussion of the reasonable grounds standard, KDOR counsel stated, "I would also point out, Your Honor, that there is case law where it's appropriate for a court to consider refusal of the field sobriety tests . . . And the PBT. And I can give those references to the Court if you would feel it would be helpful." KDOR then cited *State v. Bradford*, 27 Kan. App. 2d 597, 3 P.3d 104 (2000), and *Sjoberg*, 2012 WL 3966511. Furthermore, KDOR questioned Duckworth about Chambers' test refusals and how that affected his determination that Chambers was under the influence of alcohol. This evidence demonstrates that KDOR not only raised the issue of Chamber's test refusals

7

before the district court but also provided authority for its position. Thus, KDOR properly preserved this issue for appeal.

KDOR argues the district court either did not consider or did not properly consider Chambers' refusal to take an SFST. Prior decisions of this court suggest a district court may consider a driver's refusal to submit to an SFST or a PBT in determining whether an officer had probable cause to arrest a driver for DUI. In *State v. Huff*, 33 Kan. App. 2d 942, 945-46, 111 P.3d 659 (2005), the court found that a district court may consider refusal to take SFSTs in determining whether a driver was guilty of DUI. In *State v. Rubick*, 16 Kan. App. 2d 585, 587-88, 827 P.2d 771 (1992), the court found that a driver's refusal to take SFSTs is admissible evidence of conduct indicating consciousness of guilt in a DUI trial. Based on these cases, a number of unpublished Court of Appeals cases have found a court may consider a refusal to take SFSTs and PBTs in making a reasonable grounds determination. See, *e.g.*, *Wilkerson v. Kansas Department of Revenue*, No. 113,058, 2015 WL 6457801, at *3 (Kan. App. 2015) (unpublished opinion) (finding district court did not err in considering PBT refusal in reasonable grounds determination); *Peace v. Kansas Department of Revenue*, No. 112,113, 2015 WL 4487055, at *5 (Kan. App. 2015) (unpublished opinion) (finding court may consider SFST refusal as indicator of DUI); *Moravec v. Kansas Department of Revenue*, No. 105,355, 2012 WL 718939, at *3 (Kan. App. 2012) (unpublished opinion) (finding SFST refusal may be considered as indicator of intoxication for purposes of reasonable grounds determination).

Chambers argues that a district court may not consider a driver's test refusal in determining reasonable grounds. He did not raise this issue below. Rather, Chambers argued that the district court should not consider his test refusals in this particular case, not that the court could not consider test refusals at all. In fact, he essentially conceded this point at trial when his counsel told the court, "We then have the cases that indicate that the State or the Court can consider refusal of standard field sobriety tests."

8

Furthermore, Chambers does not explain why we should consider this argument for the first time on appeal. As such, we decline to reach the merits of Chambers' argument.

If we had chosen to reach the merits, Chambers ' argument is without merit. He argues that evidence of a test refusal is only admissible at trial, and a court may not consider such evidence in determining the existence of reasonable grounds. He cites to K.S.A. 2013 Supp. 8-1001(k)(7), which provides that prior to administering a blood-alcohol test, law enforcement must inform the driver that "refusal to submit to testing may be used against the person *at any trial* on a charge arising out of the operation or attempted operation of a vehicle while under the influence of alcohol or drugs, or both." (Emphasis added.) He contends this statute clearly indicates the Kansas Legislature intended that test refusals could only be admissible at trial. According to Chambers, if the legislature wanted courts to be able to consider test refusal in a reasonable grounds determination, it would have included such language in the statute.

This argument is without merit. First, K.S.A. 2013 Supp. 8-1001(k)(7) refers to K.S.A. 2013 Supp. 8-1001(n) (previously K.S.A. 8-1001[i]), which provides that a driver's test refusal "shall be admissible in evidence against the person at any trial on a charge arising out of the alleged operation or attempted operation of a vehicle while under the influence of alcohol or drugs, or both." This subsection refers to evidentiary breath tests, not PBTs. See *State v. Wahweotten*, 36 Kan. App. 2d 568, 584-85, 143 P.3d 58 (2006) (finding prosecutor's comments referring to defendant's evidentiary breath test refusal admissible under K.S.A. 2005 Supp. 8-1001[i]). PBTs are authorized under K.S.A. 2013 Supp. 8-1012. According to that statute, PBT results "shall be used for the purpose of assisting law enforcement officers in determining whether an arrest should be made and whether to request the tests authorized by K.S.A. 8-1001." The Kansas Legislature explicitly authorized the use of PBT results in determining reasonable grounds; thus, it arguably also authorized the use of PBT refusals. See *Wilkerson*, 2015

9

WL 6457801, at *3 (finding K.S.A. 2014 Supp. 8-1012 arguably permits use of PBT refusal in determining reasonable grounds).

Chambers' proposed interpretation would also lead to the unreasonable and absurd result that test refusals are statutorily admissible at trial as evidence of DUI but may not be considered in determining whether probable cause for a DUI exists. We must construe statutes to avoid unreasonable or absurd results and presume the legislature does not intend to enact meaningless legislation. *State v. Frierson*, 298 Kan. 1005, 1013, 319 P.3d 515 (2014). Thus, we do not adopt Chambers' interpretation that K.S.A. 2013 Supp. 8-1001 prevents courts from considering a test refusal in determining if probable cause exists.

KDOR suspended Chambers' license because he refused to submit to an evidentiary breath test, pursuant to K.S.A. 2013 Supp. 8-1014. In order to request an evidentiary breath test, Duckworth had to have reasonable grounds to believe Chambers was driving under the influence. See K.S.A. 2013 Supp. 8-1001(b)(1). "The reasonable grounds test of [K.S.A. 8-1001(b)] is strongly related to the standard for determining probable cause to arrest." *State v. Johnson*, 297 Kan. 210, 222, 301 P.3d 287 (2013).

In this case, however, the district court found that Officer Duckworth did not have reasonable suspicion to request a PBT. K.S.A. 2013 Supp. 8-1012 authorizes PBTs and requires that a law enforcement officer must have reasonable suspicion to believe a driver is driving under the influence before requesting a PBT. K.S.A. 2013 Supp. 8-1012(b). Our Supreme Court has defined reasonable suspicion as "'a particularized and objective basis for suspecting the person stopped is involved in criminal activity.'" *State v. Edgar*, 296 Kan. 513, 522, 294 P.3d 251 (2013). Courts determine reasonable suspicion by looking at the totality of circumstances, but it is "a less demanding standard than probable cause and requires considerably less than a preponderance of the evidence. [Citation omitted.]" 296 Kan. at 521.

10

Neither party appears to have argued before the district court that Duckworth lacked reasonable suspicion to request the PBT. Thus, the court raised this issue *sua sponte*. It is error for a district court to raise nonjurisdictional issues *sua sponte*. *Huffmier v. Hamilton*, 30 Kan. App. 2d 1163, 1166-67, 57 P.3d 819 (2002). While this might have been grounds for a remand, neither party raised the issue on appeal. See *Carson v. Kansas Dept. of Revenue*, No. 100,280, 2009 WL 2144042 (Kan. App. 2009) (unpublished opinion) (remanding case because district court raised issue of cause to request field sobriety tests *sua sponte*).

In reaching its conclusion that Duckworth lacked reasonable suspicion to request a PBT, the district court found that the only indicators of intoxication were the odor of alcohol and Chambers' admission that he had had "a couple" of drinks. It also found KDOR's allegation regarding the condition of Chambers' eyes was not credible. The court also found that "no other issues were present indicating intoxication." The court's factual findings and legal conclusions are not extensive. However, neither party objected to the court's ruling. When no objection is made to a district court's inadequate findings of fact or conclusions of law, an appellate court can presume the district court found all facts necessary to support its judgment. *State v. Dern*, 303 Kan. 384, 394, 362 P.3d 566 (2015).

Under a substantial competent evidence standard of review, we affirm the district court's ruling.

The district court found the only indicators of intoxication were the odor of alcohol and Chambers' admission to drinking, and this did not amount to reasonable suspicion. Duckworth testified, and police video confirmed, that he told Chambers at the scene that he was requesting the PBT because of the odor of alcohol. In his application for a search warrant, Duckworth indicated he detected the odor of alcohol on Chambers

11

and that Chambers had refused both the SFST and the PBT. In a section to provide additional facts leading him to believe Chambers was driving under the influence, Duckworth wrote only that he and another officer both detected a strong odor of alcohol emanating from Chambers' breath, and Chambers admitted to drinking two beers. On the DC-27 form, Duckworth indicated the reasonable grounds for his belief that Chambers was under the influence of alcohol were the "odor of alcoholic beverages" and "person stated alcohol/drugs consumed." He did not add any additional information in the space provided.

Duckworth indicated that Chambers had bloodshot and watery eyes on the "Alcohol/Drug Influence Report" and also testified at trial to the same. He did not, however, include this information in his "Supplemental Narrative Report," his search warrant affidavit, or the DC-27 form. The district court resolved the conflict in evidence in favor of Chambers.

This case is a close call, but an odor of alcohol and an admission to drinking two beers arguably does not amount to reasonable suspicion. Admittedly, the Kansas Supreme Court set a low standard for reasonable suspicion in *State v. Pollman*, 286 Kan. 881, 190 P.3d 234 (2008). In that decision, the court found that reasonable suspicion to extend a traffic stop to continue a DUI investigation existed based on: (1) the odor of alcohol on the driver's breath; (2) the driver's admission to having drunk alcohol; and (3) the driver's refusal to follow lawful requests, which could indicate impaired judgment due to intoxication. 286 Kan. at 894-95. The court declined to address whether the odor of alcohol alone could create reasonable suspicion. 286 Kan. at 894. This court, however, has previously held that the odor of alcohol alone does not give rise to reasonable suspicion. *City of Hutchinson v. Davenport*, 30 Kan. App. 2d 1097, 1101, 54 P.3d 532 (2002).

12

The facts of this case are somewhere between *Davenport* and *Pollman*. Unlike the officer in *Davenport*, Duckworth had more than the odor of alcohol on Chambers' breath, because Chambers admitted to drinking. The district court, however, did not find that there was any other indicia of intoxication other than these two facts, which distinguishes this case from *Pollman*. Furthermore, the amount of alcohol Chambers admitted to drinking is unlikely to have rendered him unsafe to drive. See *City of Wichita v. Molitor*, 301 Kan. 251, 267, 341 P.3d 1275 (2015) (finding driver's admission that he had two beers "tends to refute the notion that [he] was operating the vehicle with an illegal level of alcohol in [his] body"). Given the limited standard of review, we affirm the district court's finding that Duckworth did not have reasonable suspicion to request the PBT.

The district court ended its legal analysis with the conclusion that Duckworth did not have reasonable suspicion to request a PBT. Presumably, the district court also concluded if Duckworth did not have reasonable suspicion to request a PBT, he did not have reasonable grounds to request an evidentiary breath test. Given the facts in the present case, Duckworth did not have reasonable grounds to request an evidentiary breath test.

Under K.S.A. 2013 Supp. 8-1001(b), "[a] law enforcement officer shall request a person to submit to a test" if the officer "has reasonable grounds to believe the person was operating or attempting to operate a vehicle while under the influence of alcohol or drugs" and the officer has arrested the person for that offense. "The reasonable grounds test of [K.S.A. 8-1001(b)] is strongly related to the standard for determining probable cause to arrest." *Johnson*, 297 Kan. at 222. "Probable cause to arrest is the reasonable belief, drawn from the totality of information and reasonable inferences available to the arresting officer, that the defendant has committed or is committing a specific crime." 297 Kan. at 222.

13

In this case, Duckworth received information regarding a possibly intoxicated driver. Chambers' truck matched the description of the suspect's vehicle. Duckworth followed Chambers for a short distance without observing any typical clues of intoxication. KDOR argues we should consider Chambers' defective tag light as an indicator of intoxication. KDOR, however, did not present any evidence at trial that a defective tag light indicates intoxication and provides no basis we should consider it to be one now. See *Sjoberg*, 2012 WL 3966511, at *7 (declining to consider defective headlight as indicator of intoxication).

After stopping Chambers, Duckworth detected the odor of alcohol on Chambers' breath. Chambers admitted to drinking "a couple." While speaking, Chambers did not "exhibit several other common clues of alcohol impairment." His speech was not slurred. He was not argumentative. He did not say anything unusual. Chambers was able to exit his truck without difficulty. He did not stumble or lean on the truck. He was able to walk without swaying. Police video confirms all of these observations. Chambers did refuse both the SFST and the PBT. He argued at trial that he refused to submit to the tests because he did not trust Duckworth. We may still factor in his refusal, however. See, *e.g.*, *Kennedy v. Kansas Dept. of Revenue*, No. 102,477, 2012 WL 603213, at *4 (Kan. App. 2012) (considering driver's refusal to take SFST even though driver claimed he refused because of knee problems).

In previous cases in which this court found probable cause to arrest and the driver refused testing, however, there were generally other indicators of intoxication. For example, in *Peace*, 2015 WL 4487055, at *5-6, the court found probable cause to arrest based partially on the driver's refusal to submit to SFSTs. In that case, however, the court also noted the driver activated his emergency hazard lights near an intersection for apparently no reason; the officer detected the odor of alcohol coming from the driver; the driver admitted to consuming alcohol; the driver's speech was "very slurred"; the driver's

eyes were "very bloodshot, . . . [and] very droopy, watery"; and the driver had significant difficulty providing his driver's license. 2015 WL 4487055, at *5.

Additionally, in *Wilkerson*, 2015 WL 6457801, the court found probable cause based partially on a driver's refusal to submit to a PBT. In that case, though, an officer received a report of a car accident involving damage to property. The officer detected the odor of alcohol. The driver had bloodshot and watery eyes, and his movements were slow. 2015 WL 6457801, at *2-3.

In this case, there was a report of a possibly impaired driver. Duckworth detected the odor of alcohol. Chambers admitted to drinking, but not to an amount that would put him over the legal limit. He did not exhibit any other signs of intoxication. Chambers then refused both SFSTs and the PBT. There was evidence Chambers had consumed alcohol. As opposed to other cases, however, Duckworth did not observe any indicator that Chambers had an illegal level of alcohol in his blood. See, *e.g.*, *City of Wichita v. Molitor*, 301 Kan. 251, 266-67, 341 P.3d 1275 (2015) (discussing evidence of alcohol consumption versus evidence of intoxication in determining reasonable suspicion to request PBT); *State v. Arehart*, 19 Kan. App. 2d 879, 882, 878 P.2d 227 (1994) ("[P]roof of consumption of alcohol, without more, is insufficient to support a drunk driving conviction."). Without some actual indicator of intoxication or a blood-alcohol level above the legal limit, Duckworth did not have probable cause to request an evidentiary breath test.

In support of its argument that Duckworth had reasonable grounds, KDOR cites to *Sloop v. Kansas Dept. of Revenue*, 296 Kan. 13, 290 P.3d 555 (2012), and *City of Norton v. Wonderly*, 38 Kan. App. 2d 797, 172 P.3d 1205 (2007). In both of these cases, the officer arrested the driver without asking the driver to submit to an SFST, and the results of the PBT were inadmissible. In both cases, the courts found the officer did not have probable cause to arrest. These cases are not particularly helpful, though. In the present

15

case, Chambers refused to submit to testing, and we may consider those test refusals. *Sloop* and *Wonderly* do not provide guidance regarding cases in which the driver refuses testing.

*Sloop* and *Wonderly* do, however, indicate that without the test refusals, Duckworth did not have probable cause. KDOR provides two charts comparing the facts in *Sloop* and *Wonderly* to the facts in Chambers' case, claiming the facts available to Duckworth were "more substantial." In the comparison, however, KDOR includes Chambers' defective tag light and Chambers' bloodshot and watery eyes. As previously discussed, a defective tag light is not an indicator of intoxication, and the district court found that the evidence that Chambers had bloodshot and watery eyes was not credible.

Furthermore, KDOR's recitation of the facts in these cases is not entirely accurate. In *Sloop*, the officer observed the driver sitting unusually close to his steering wheel and proceeding hesitantly through a turn. The officer followed for a short distance without observing any traffic infractions. The driver's tag light was out, however, so the officer pulled the driver over. The officer detected the odor of alcohol. The driver's speech was impaired, his eyes were watery and bloodshot, and he admitted to drinking "like one beer." 296 Kan. at 14-15. After administering a PBT, the officer arrested the driver.

In *Wonderly*, an officer received a report of a white truck driving erratically. The officer found the truck and followed it for 3 minutes without observing a traffic infraction. The officer pulled the truck over. After pulling over, the driver got out of the truck, and the officer had to tell him twice to get back in the truck before he complied. The officer detected the odor of alcohol, and the driver admitted to having several drinks earlier. The officer also reported the driver's speech was "fair." 38 Kan. App. 2d at 808. The officer administered a PBT and then took the driver into custody.

16

Compared to *Sloop* and *Wonderly*, Duckworth had even fewer indicators of intoxication. He received a call regarding a possibly intoxicated driver. He smelled alcohol on Chambers' breath, and Chambers admitted to having a couple drinks. His speech was not impaired nor were his eyes red and watery. Chambers did not fail to obey an order nor did the officer observe any unusual behavior while Chambers was driving. Based on these cases, Duckworth did not have reasonable grounds to request an evidentiary breath test.

KDOR also argues we should give more weight to the information Duckworth had because Chambers refused the SFSTs and the PBT. According to KDOR, we should adopt an approach adding additional weight to any information available to an officer in determining reasonable grounds in such cases. KDOR does not provide any authority for this argument. Independent research did not uncover any cases in which a court "weighted" certain information in a reasonable grounds analysis. Furthermore, this argument appears to run counter to the legal standard that courts must consider the totality of the circumstances in determining whether reasonable grounds exist.

A review of the record indicates Duckworth did not have reasonable grounds to request an evidentiary breath test.

Affirmed.