NOT DESIGNATED FOR PUBLICATION

No. 118,626

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHARLES S. EDWARDS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed April 12, 2019. Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., BUSER and STANDRIDGE, JJ.

LEBEN, J.: Charles Edwards appeals his conviction of reckless aggravated battery, arguing that the jury should have been given an instruction about self-defense. But there wasn't enough evidence to support self-defense. And self-defense is the intentional use of force to fend off an attacker, so it doesn't apply to reckless aggravated battery. We find no reversible error here.

Before we discuss the legal issues in more depth, we will briefly set out the key facts. Wichita police responded to a hotel to investigate a possible domestic disturbance. While standing outside room 4445, they heard a woman say, "You fucking broke my

cheek bone—when you fucking kicked me." An officer then knocked on the door, and Edwards answered. Officers pushed their way in; Edwards asked whether they had a warrant.

April Stegall, whose face was red and swollen, was also in the room. One officer talked with her while another talked to Edwards.

Stegall told the officer her face was numb because Edwards had kicked her. But she quickly said she wanted to retract that statement to avoid being homeless. Based on her appearance and the statements officers had heard from the hallway, they arrested Edwards.

When police interviewed Stegall again a day or two later, she said that Edwards had kicked her in the face while they were lying in bed and arguing. She didn't say anything at that time about having hit Edwards.

Stegall sought medical treatment, and a radiologist diagnosed a fractured interior orbital wall, the bony socket around the eye. Stegall also testified that she had a broken nose. Doctors didn't prescribe any treatment (other than pain medications and an antibiotic), saying that the injuries would heal on their own.

When the State formally charged Edwards, it charged him with what's called a knowing aggravated battery. Under Kansas law, an aggravated battery can be knowing (meaning that the defendant knew that harm to the other person was reasonably certain to result from the defendant's action) or reckless (meaning that the defendant consciously disregarded a substantial and unjustifiable risk of harm to the other person). See K.S.A. 2018 Supp. 21-5413(b); K.S.A. 2018 Supp. 21-5202(i), (j); *State v. Green*, 55 Kan. App. 2d 595, 610-12, 419 P.3d 83 (2018). A battery can become an aggravated battery in several ways, including causing harm with a deadly weapon or causing great bodily harm

2

or disfigurement. The State charged Edwards with aggravated battery because of Stegall's broken orbital bone.

Because the charge was a felony, the court held a preliminary hearing to determine whether the evidence was sufficient to proceed to trial. At the preliminary hearing, Stegall for the first time said that she had hit Edwards first. When the prosecutor asked whether Edwards had done something to harm her that day, she replied, "After I hit him first." She explained that she had hit Edwards "[i]n the balls" because of his infidelity. She said she wasn't sure whether Edwards kicked her "immediately after" she hit him or when she "was laying on the bed." The court found the evidence sufficient to proceed to trial.

The State presented testimony at trial from Stegall, the radiologist who diagnosed the broken bone, the two officers who came to the hotel that night, another officer who took Edwards from the hotel to jail, a detective, and a friend Stegall had texted after Edwards kicked her. Edwards chose not to present defense evidence.

Stegall testified that Edwards kicked her a single time in the face, breaking her nose and orbital socket. She again said that she had hit him first—"[i]n the balls."

Stegall admitted that she hadn't told police officers that she had hit Edwards before he kicked her. She said she couldn't remember whether his kick "was immediate" after she hit him.

Edwards asked the court to give the jury instructions about lesser-included offenses—types of aggravated battery that are less-serious felonies and even misdemeanor battery, in case the jury didn't find the broken nose and orbital wall to be great bodily harm. The jury convicted Edwards of one of the lesser forms of aggravated battery—reckless aggravated battery.

3

Edwards also asked that the court instruct the jury about self-defense. Kansas law allows the use of self-defense when the use of force is necessary to defend against another person's imminent use of unlawful force. The person acting in self-defense must reasonably believe that the use of force is necessary. See K.S.A. 2018 Supp. 21-5222(a); K.S.A. 2018 Supp. 21-5202(i), (j). The district court decided not to give a self-defense instruction, concluding that the evidence didn't support it.

Edwards' sole argument on appeal is that the district court should have instructed the jury on self-defense. We must first determine whether sufficient evidence supported giving the instruction. See *State v. McLinn*, 307 Kan. 307, 317-18, 409 P.3d 1 (2018). We do not think it did. But even if we were to assume that there was enough evidence to support giving a self-defense instruction, we cannot find reversible error here. That's because when errors don't affect the trial result, they're what we call harmless errors. And we don't set aside the thoughtful work done by a jury at trial for an error that did not influence the jury's verdict. 307 Kan. at 317. Any error in not giving a self-defense instruction here is harmless: Our court determined in *State v. Bradford*, 27 Kan. App. 2d 597, Syl. ¶ 4, 3 P.3d 104 (2000), that self-defense doesn't apply to reckless conduct.

Let's start our discussion with the evidence. Self-defense requires two showings here: (1) that Edwards honestly believed the use of force was necessary to prevent Stegall from striking him again and (2) that a reasonable person would have agreed. See *State v. McCullough*, 293 Kan. 970, 975, 270 P.3d 1142 (2012). We have Stegall's testimony that she hit Edwards in a sensitive spot before he kicked her. She wasn't sure how much time elapsed. And we have no testimony from Edwards about what he was thinking. We think that's too little evidence to prove the basis for a claim that Edwards reasonably believed he had to use force to fend off further attack from Stegall.

But there's another legal hurdle Edwards cannot overcome, either. The jury convicted Edwards of reckless aggravated battery. In doing so, based on another instruction the court gave (one that's not challenged on appeal), the jury first decided that the State hadn't proved *knowing* aggravated battery beyond a reasonable doubt. So the jury concluded, beyond a reasonable doubt, that Edwards acted recklessly, which means that he consciously disregarded a substantial and unjustifiable risk of injury to Stegall when he kicked her in the face hard enough to break the orbital wall and her nose. See K.S.A. 2018 Supp. 21-5202(j).

And that brings us to our court's precedent in *Bradford*. The jury convicted Edwards of reckless conduct. A reckless act isn't the same as an intentional one, and self-defense depends on a person's conscious belief that he or she needs to use force to defend against another person's imminent use of unlawful force. In *Bradford*, after reviewing decisions from other states, our court concluded that self-defense didn't apply to reckless conduct:

> "In this state, one may use force against an aggressor when he or she reasonably believes it is necessary to defend against the imminent use of force by the aggressor. Self-defense is the intentional use of reasonable force to fend off an attacker. The concept of recklessness does not fit within the definition of self-defense." 27 Kan. App. 2d at 601.

While there have been some minor changes in the Kansas statutes about self-defense and defining reckless conduct since *Bradford* was decided, the basic concepts remain the same. Compare K.S.A. 2018 Supp. 21-5222(a) (providing that self-defense is valid when "it appears" to a person and that person "reasonably believes that such use of force is necessary" to defend against "imminent use of unlawful force") with K.S.A. 21-3211 (Furse) (providing that self-defense is valid when "it appears" to a person and that person "reasonably believes that such conduct is necessary" to defend against "imminent use of unlawful force"); compare K.S.A. 2018 Supp. 21-5202(j) (providing that reckless

5

conduct occurs when a "person consciously disregards a substantial and unjustifiable risk" and the "disregard constitutes a gross deviation" from the reasonable person's standard of care) with K.S.A. 21-3201(c) (Furse) (providing that reckless conduct is "done under circumstances that show a realization of the imminence of danger . . . and a conscious and unjustifiable disregard of that danger"). We believe that *Bradford* continues to accurately state Kansas law on this point. Since self-defense isn't a defense to the charge the jury found proved by the evidence, any error in failing to give a self-defense instruction was harmless.

In sum, we conclude that the evidence wasn't sufficient to support the defense of self-defense. Even if it were, self-defense isn't a defense to reckless aggravated battery, the crime for which Edwards was convicted. We therefore affirm the district court's judgment.